74 F.3d 1247
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America Plaintiff-Appellee,
v.
Felipe Fernandez GARDUZA, Defendant-Appellant.
 No. 94-50644.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 18, 1995.*
Decided Jan. 19, 1996.
 
 Before: POOLE, BOOCHEVER, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Felipe Garduza appeals his conviction and sentence for conspiracy to possess stolen mail and possession of stolen mail (Los Angeles County welfare checks). He claims the district court abused its discretion in admitting statements of an unindicted coconspirator, as well as Garduza's statements made after the end of the conspiracy alleged in the indictment. He also argues that the district court erred in enhancing his offense level by two points for obstruction of justice.
 
 I. Coconspirator statements
 
 3
 The confidential informant ("CI") testified that the man in the black shirt spoke to him and told him that he worked with El Pollo (Garduza). Defense counsel objected to the statement as being without foundation, and the district court overruled the objection. On appeal, Garduza argues that the district court erred in admitting the statement before there was evidence of a conspiracy, and that the statement was not in furtherance of the conspiracy.
 
 
 4
 We review the district court's decision to admit statements of coconspirators for an abuse of discretion, and review for clear error the factual determinations that a conspiracy existed and that the statements were in furtherance of the conspiracy. United States v. Segura-Gallegos, 41 F.3d 1266, 1271 (9th Cir.1994).
 
 
 5
 A statement is not hearsay if it is "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." Fed.R.Evid. 801(d)(2)(E). The statements may be admitted before all the evidence establishing the existence of the conspiracy has been presented. "A district court has the discretion to vary the order of proof in admitting a co-conspirator's statement." United States v. Loya, 807 F.2d 1483, 1490 (9th Cir.1987). Although the coconspirator's statement may be used as part of the proof required to show the existence of the conspiracy by a preponderance of the evidence, the government must also produce some independent evidence to establish the requisite connection between the black-shirted man and the conspiracy. See United States v. Castaneda, 16 F.3d 1504, 1507 (9th Cir.1994).
 
 
 6
 In this case, there was ample evidence of a conspiracy before and after the CI's testimony about the black-shirted man's statement that he worked with El Pollo. The CI had already testified that El Guerro had told him that El Pollo (Garduza) would sell him stolen checks. Also prior to the disputed testimoncy, the CI testified that when he met with Garduza, Garduza agreed to sell him the checks and then sent the black- and white-shirted men to pick them up from his home. After the CI's challenged testimony, the CI stated that the two men returned with the checks and gave them to Garduza, and that the black-shirted man then talked to the CI and the CI handed him the money. This testimony, fully corroborated by the officers surveilling the scene, was enough to establish by a preponderance of the evidence that a conspiracy existed and that the black-shirted man was part of it.
 
 
 7
 It is also clear from the record that the statement was made during negotiations for the exchange of money for stolen checks, and was in furtherance of the conspiracy in that it served to inform the CI that the black-shirted man was part of the scheme. See United States v. Williams, 989 F.2d 1061, 1068 (9th Cir.1993) (statements made to keep conconspirators informed of ongoing conspiracy's activities are in furtherance of conspiracy).
 
 
 8
 The district court did not abuse its discretion in admitting the statement.
 
 II. The July 6 conversation
 
 9
 At trial, the CI testified that he met again with Garduza on July 6, 1994, for a planned purchase of $100,000 in stolen checks. When Garduza insisted they move to a different location, the inspectors arrested him before the transaction took place. Garduza's attorney objected that the testimony was inadmissible under Fed.R.Evid. 404(b), and the district court overruled the objection.
 
 
 10
 Garduza argues that the district court erred in allowing testimony regarding Garduza's further conversations with the CI on July 6, 1994, because the conversations were outside the scope of the conspiracy "continuing to on or about June 27, 1994" alleged in the indictment. He argues that it was also inadmissible as "other crimes, wrongs, or acts" evidence under Fed.R.Evid. 404(b). This court reviews de novo whether conduct constitutes "other crimes" under 404(b). Id. at 1070.
 
 
 11
 This was not "other crimes" evidence. "Evidence should not be considered other crimes evidence when the evidence concerning the other act and the evidence concerning the crime charged are inextricably intertwined." Id. (quotations omitted). The uncharged meeting on July 6 was very closely linked to the purchase of the stolen checks only nine days earlier; the major participants, location, and purpose of the meeting were the same. See id. (testimony about transactions prior to period of conspiracy alleged in indictment was admissible when reflected usual mode of doing business). The time of the second meeting was also so close to the date of the first that it was direct evidence of the conspiracy, rather than other act evidence. United States v. Lai, 944 F.2d 1434, 1439 (9th Cir.1991) (drug purchases late in November can "properly be considered to have occurred within the time frame" of conspiracy alleged to end "in or about October"), cert. denied, 502 U.S. 1062 (1992).
 
 
 12
 The district court did not err in admitting the testimony.
 
 
 13
 III. Two-level increase for obstruction of justice
 
 
 14
 Garduza testified at trial that he did not sell the CI stolen checks on June 27; that he did not know "El Guerro;" that he did not know the black- and white-shirted men; that he never attempted to sell additional checks on July 6; and that his discussion of stolen checks with the CI was solely to gain the CI's confidence, so that he could sell the CI false identification documents. At sentencing, the district court increased Garduza's offense level by two points for obstruction of justice, finding that Garduza had lied in his testimony at trial. Garduza challenges the enhancement, arguing that the district court's reasons for the enhancement were not sufficient and that more detailed findings were necessary.
 
 
 15
 The Sentencing Guidelines provide for a two-level increase in offense level when the defendant willfully obstructs or attempts to obstruct justice. U.S.S.G. Sec. 3C1.1. The enhancement applies to the commission of perjury by the defendant at trial. Id., comment. (n. 3(b)); United States v. Dunnigan, 113 S.Ct. 1111, 1116 (1993). This court reviews factual determinations made in applying Sec. 3C1.1 for clear error, and reviews de novo the legal conclusion that the defendant's behavior obstructed justice. United States v. Acuna, 9 F.3d 1442, 1444 (9th Cir.1993).
 
 
 16
 The district court stated at sentencing that he agreed with the government that Garduza "lied through his teeth at least twice here:"
 
 
 17
 He lied about his involvement in the sale of the warrants to the CI; he did, I agree. He lied about his relationship with El Guerro; I agree, he did. He lied about his relationship with the two coconspirators; I agree, he did. He lied about his attempt to sell the CI an additional $50,000 in stolen checks; I agree.
 
 
 18
 He also provided, as [the government] put it, "a convoluted and plainly false story concerning his attempt to sell false documents to the CI rather than warrants." I couldn't agree more; he lied again.
 
 
 19
 These factual findings are specific, and go beyond what is required of the district court. See id. at 1445 ("a district court is not required to enumerate specifically which portions of a defendant's testimony are false to justify an enhancement for obstruction of justice"); Dunnigan, 113 S.Ct. at 1117 ("preferable" for a district court to address each element of alleged perjury in a separate and clear finding, but not required). Garduza's testimony conflicted with the transcript of the tape of the June 27 meeting, which was introduced into evidence, and with the CI's and the inspectors' testimony. Garduza presents no reason why the district court's findings were clearly erroneous, and the evidence supports a finding of perjury. We hold that the district court did not clearly err in finding Garduza's sworn testimony to be false, and we affirm the two-level enhancement.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the court's of this circuit except as provided by 9th Cir.R. 36-3